[Civ. No. 5469.   First Appellate District, Division One.—November 29, 1927.]

LORA V. GROVE, Respondent, v. CHARLES W. BAR-
RETT CO. (a Corporation) et al., Appellants.

166

[redacted]

J. W. O'Neill and Frank McGowan for Appellants.

H. M. Anthony for Respondent.

STROTHER, J., pro tem.—Plaintiff in this action had judgment against the defendants for the recovery of moneys paid by her and her assignors on account of subscriptions made for stock of the defendant corporation. From this judgment defendants appeal.

It was specifically provided in the subscription agreements entered into between the several subscribers and the defendant Marchus that the subscribers should receive in consideration of their advance subscriptions for the stock two shares for the par value of one. The payments were made to Marchus, one of the promoters of the company, as "interim trustee," the interim being the time between the subscription and the incorporation and organization of the defendant Charles W. Barrett Co. Following the organization of the defendant company application was made to the commissioner of corporations for a permit to issue stock to the subscribers in accordance with the agreements with them, but it was refused. Thereafter the action of the commissioner of corporations was explained to the subscribers, and they were asked to accept one share of stock instead of two for the par value of one, but none of them either agreed to or refused to consent to the change. A meeting of the board of directors of the corporation was then held and an amended application was authorized, asking for a permit to issue one share of stock for each amount of par subscribed. Plaintiff's husband, one of her assignors,

was a member of and secretary of the board and voted for the amendment. A permit was issued by the commissioner in accordance with the amended application, certificates for the stock were prepared and signed by Grove as secretary, and tendered to the subscribers, who refused to receive them. They assigned their claims to the plaintiff and this action was brought.

The complaint sets out each of the claims in several counts, some for money had and received and some alleging the facts of the transaction.

Numerous assignments of error are made by appellants in a bill of exceptions both as to the findings of the court and its conclusions therefrom. They are all, however, directed to a few propositions of law which are contended for by appellants.

■ It is contended that the court erred in finding upon the common counts for money had and received. Appellants say: "In this case the contracts do not call for the direct payment of money, and appellants contend that under these circumstances and in the absence of the characteristic last-mentioned plaintiff cannot maintain an action for money had and received."

It is needless to say that this is not a correct statement of the law, else the common counts would never lie. Appellants are relying upon a misapprehension of the meaning of the language of the court in cases cited by them. In *Willett & Burr* v. *Alpert*, 181 Cal. 659 [185 Pac. 979], the court say: "It is well nigh elementary that a common count will not lie to recover damages for the breach of an unexecuted contract where the obligation breached is something other than the payment of money," and "damages are sought because of the failure of defendant to do something else." In this case plaintiff is not asking for damages for breach of the contract, but for the return of the money.

■ The common count will always lie for money paid to one in consideration of his agreement to deliver or do something which he is either unwilling or unable to deliver or to do.

Appellants also argue that such contracts are made in view of the Corporate Securities Act (Stats. 1917, p. 673), and that the subscribers are tacitly agreeing to accept whatever the commissioner of corporations should see fit to grant.

It might more plausibly be argued that the effect of the act would be to make such contracts as those under consideration void from the beginning, in which case the action would certainly lie.

■ It is contended that the subscribers, having failed to object to the proposal to change the terms of the stock issue, will not be permitted to refuse the stock tendered to them.

This is a matter of estoppel which, if relied upon, should have been specially pleaded, but there was not sufficient evidence to support such a plea. It did not appear that the corporation was induced thereby to change its position in any way to its detriment or did anything that it could have done otherwise, nor were the circumstances sufficient to justify the corporation's agents in believing that the subscribers would accept the change in terms. This applies also to the contention that Grove is estopped.

■ Appellants make the point that as it appeared from the evidence that Grove, one of plaintiff's assignors, was plaintiff's husband, the claims became subject to the sole dominion of the husband as community property, and he only could maintain an action for recovery on them.

No issue was made by the pleadings as to plaintiff's capacity to sue. Such a plea, being dilatory in its nature and not affecting the liability of the party defendant, is not favored and must be specially made to be available (*Tingley* v. *Times-Mirror Co.*, 151 Cal. 1 [89 Pac. 1097]).

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 29, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 26, 1928.

All the Justices concurred.