[Civ. No. 5108.   Fourth Dist.   Aug. 1, 1955.]

MARGUERITE GRAHAM, Respondent, v. A. F. FLORY, Appellant.

Fred M. Riedman for Appellant.

Charles F. Sturdevant, Jr., for Respondent.

BARNARD, P. J.—This is an action to recover the value of certain hay. The hay was grown on land in Imperial County belonging to the plaintiff and her husband, and was owned by them. A few days prior to May 15, 1952, the plaintiff and the defendant entered into some arrangement for the sale of the hay. The defendant, who testified that his occupation was that of a hay dealer or commission merchant, had a place of business at Paramount, in Los Angeles County. On May 15, 1952, he sent a man named Lester to plaintiff's ranch to pick up the hay, giving him a written order. Lester presented the pickup order to the plaintiff and loaded 310 bales of hay on his truck. As Lester attempted to drive across a bridge over a canal owned by the Imperial Irrigation District, which canal adjoined the plaintiff's property, he missed the bridge and the truck tipped over and spilled the hay into the canal and along its bank.

The canal had only a little water in it at the time but the agents of the Imperial Irrigation District told the plaintiff to get the hay out of the canal as they intended to turn in a large amount of water in a day or two. On the same day, May 15, the plaintiff phoned to the defendant and told him about the accident and why the hay must be moved at once. The defendant told her to get a "loader" to get the hay out of the canal, that he would pay the cost, and that he would send a truck at once to get the hay. She got the loader and the hay was put on the bank of the canal, along the county road. The defendant did not send for the hay, which remained in that position for more than four months. On August 4, the plaintiff brought this action. On September 20, a man who said he was sent by the defendant came and picked up the hay. This man took the hay to the nearest scales, where it was weighed. The plaintiff then told this man not to take the hay out of the valley until she had seen her attorney. Later, she told him to take the hay to another one of her ranches where it would be safe. He did so, and the hay remained there until the time of the trial.

The complaint in this action alleged the sale of hay of the

reasonable value of $706.20, for which the defendant agreed to pay. In a second cause of action an account stated was alleged, whereby the defendant agreed that he was indebted to plaintiff in the sum of $706.20. A third cause of action alleged an open book account in the same amount. The defendant entered a general denial as to each cause of action. The court found that all of the allegations of the complaint are true, and that none of the denials contained in the answer are true. A judgment was entered in favor of the plaintiff, from which the defendant has appealed.

The appellant first contends that "actions concerning community property must normally be brought by the husband," citing cases supporting that contention. However, it has been held that such a plea, being dilatory in its nature and not affecting the liability of the defendant, is not favored and must be specifically pleaded; and that it is waived by the defendant's failure to assert it at his earliest opportunity. (*Grove* v. *Charles W. Barrett Co.*, 87 Cal.App. 165 [261 P. 739]; *Tingley* v. *Times Mirror Co.*, 151 Cal. 1 [89 P. 1097].)

This issue was not raised by the pleadings here and the only thing that appears in the evidence is that the plaintiff was asked if she was living with her husband and if the hay belonged to them both, and she answered both questions in the affirmative. No objection was raised at a time when it could have been cured, and no request to amend the answer appears. The issue may not be here raised for the first time on appeal.

It is next contended that under the oral contract between the parties the defendant was a selling agent or factor for the plaintiff; that the defendant told the plaintiff that he would get the hay and sell it at the highest price obtainable and would deduct $1.50 per ton as his commission, plus the hauling charges, and remit the balance to the plaintiff; that there was no intention that title to the hay should pass to the defendant; and that the fact that on May 15, the truck driver loaded the hay on the truck does not establish that title had so passed. These contentions are based entirely upon a conflict in the evidence. While defendant's testimony, if believed, would support these contentions the plaintiff's testimony was flatly to the contrary. She testified that she had not sold or delivered the hay to the defendant upon a consignment basis; that the defendant never said anything to her about a consignment transaction in regard to this hay; that in a telephone conversation shortly prior to May 15, she told the defendant that the hay was in good condition and

asked what he would pay for it; and that he told her he would pay $33 a ton, and that he would send a truck down for the hay. The court believed the plaintiff's testimony, which supports the findings made. The fact that the plaintiff later demanded that the defendant's agent should not remove the hay from the county, and that he put it in a safe place, indicates that she was trying to preserve a lien on the property or to protect her right to payment, but does not conclusively show that she exercised such a dominion over the property at that time as to establish the fact that title had not passed. It is interesting to note, in connection with the question as to whether this was a sale or a consignment, that the defendant offered no excuse for not picking up the hay shortly after the accident and doing nothing for over four months. If, as he claimed, he was to sell this hay on commission, and was free to charge all hauling costs and expenses to the plaintiff, the natural thing would have been for him to send for the hay at once and proceed on that basis. The fact that he did not do so justifies an inference which further supports plaintiff's testimony.

The final contention is that the plaintiff was not qualified to testify as to the weight of the hay, and that the court erred in overruling an objection thereto. It is further argued in this connection that when the hay was weighed in September, 1952, a weight ticket was undoubtedly made and that this weight ticket should have been made available to the court. The action involved the weight of the hay on May 15, 1952, and not in September. There is no evidence that plaintiff ever saw this weight ticket, and the only reasonable inference from the evidence is that it was in the possession of the defendant. The evidence is sufficient to support the court's conclusion that the plaintiff was qualified to testify as an expert with respect to the weight of this hay, and is sufficent to support the implied finding in that regard.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.